### JOHN B. DEARBORN *vs.* STEPHEN S. KELLEY.

An action of tort against an officer for taking property from the plaintiff by virtue of a writ of replevin, in which the bond was defective, is not defeated by proof that the plaintiff in replevin became nonsuit, and the present plaintiff had judgment therein for damages and a return of the goods, if in fact that judgment remains unsatisfied, and the goods have not been returned.

TORT for the conversion of one hundred bags of salt. At the trial in the superior court, it appeared that the plaintiff, a deputy sheriff, held the goods under an attachment, and the same were taken from him by the defendant, another deputy sheriff, by virtue of a writ of replevin, the bond in which was defective in not mentioning any penal sum. The writ of replevin was duly entered, and afterwards the plaintiff therein became nonsuit, and judgment was entered for the plaintiff, as defendant in that suit, for five dollars damages, and for a return of the goods. A writ of return was issued, but never returned into court. On these facts, *Brigham*, J. directed the jury to return a verdict for the plaintiff, which they did; and the case was reported for the determination of this court.

*C. Robinson, Jr.* for the plaintiff.

*A. W. Boardman,* for the defendant.

DEWEY, J. The defendant having taken this property from the plaintiff, who held the same as an attaching officer, is liable in this action, unless he can justify the taking. The service of the writ of replevin furnishes no such justification, inasmuch as he took the property from the possession of the plaintiff without first procuring from the plaintiff in replevin a valid bond. Such being the case, in the service of the writ of replevin, the defendant became a trespasser.

2. The proceedings in the replevin suit constitute no bar to the present action. An actual return of the property, and payment of the damages for the taking which were recovered in the replevin suit, so far as applicable to the injury for which damages are now demanded, might have been given in evidence

in mitigation of damages in the present action. But those damages have not been paid, and the property has not been returned, and a mere unsatisfied judgment against a third person, of the character stated, furnishes no defence to the plaintiff's right to recover for the illegal taking by the defendant.

*Judgment for the plaintiff.*